FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ SEP 2 7 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
R.J. OSTERHOUDT,

                Plaintiff,

      - against -

THE CITY OF NEW YORK and NEW YORK
POLICE DEPARTMENT OFFICER HENRY
YANEZ, FORMER SERGEANT STEVEN
MARINO, P.O. MICHAEL BLACK,
P.O. LUIS JAIME, and P.O. RALPH
GONZALES, in their individual and official
capacities,

                Defendants.
------------------------------------------------------------ x

**MEMORANDUM & ORDER**

10 CV 3173 (RJD) (RML)

DEARIE, District Judge.

On election night in November 2008, enthusiastic crowds gathered in the streets of Williamsburg, Brooklyn to await the election results. Plaintiff R. J. Osterhoudt and his roommate had just arrived when they allegedly saw NYPD officers picking fights and indiscriminately arresting bystanders. Plaintiff, swept up in the mass arrests, was charged with obstructing government administration, resisting arrest, and disorderly conduct and detained for 17 hours before his charges were adjourned in contemplation of dismissal. Plaintiff sues the officers and City under 42 U.S.C. § 1983, alleging that he was unlawfully arrested as part of the NYPD's custom of sweeping up arrestees at demonstrations without making individualized determinations of probable cause. To prop up these bad arrests, the NYPD, according to plaintiff, customarily encourages officers to swear false criminal complaints and discourages honest officers from reporting misconduct. Osterhoudt supports his allegations by citing other lawsuits against the City for mass arrests at Critical Mass bike rides, the 2004 Republican

National Convention, and the World Economic Forum. The City moves to dismiss.[1] Plaintiff

also asserts a number of constitutional claims against individual officers, but the present motion

concerns only whether plaintiff has alleged a sufficient basis for municipal liability to avoid

dismissal under Rule 12(b)(6). For the reasons stated below, the Court finds that Osterhoudt

states a plausible claim for Monell liability and denies the City's motion to dismiss.

The Court assumes the parties' familiarity with the allegations, which it reads in

plaintiff's favor.

To avoid dismissal under 12(b)(6), plaintiff must plead "sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." DiFolco v. MSNBC Cable

LLC, 622 F.3d 104, 111 (2d Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)

(internal quotation omitted)) (reversing dismissal where district court improperly weighed

allegations). Plaintiff's allegations must "allow the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.[2]

Plaintiff cites a number of complaints alleging that the NYPD conducted mass arrests at

demonstrations and in crowd control situations, plausibly alleging a widespread departmental

policy of arresting political demonstrators without determining probable cause on an individual

basis. Osterhoudt alleges that the same policy caused his own arrest on November 5, 2008.

"Deliberate indifference to claims of such civil rights violations . . . may be inferred from a

---

[1] Both parties have submitted a number of letters supplementing their briefing, which the Court has reviewed. See ECF Docket # 48 (5/22/12); # 49 (5/23/12); # 50 (6/21/12); # 51 (6/25/12); # 53 (9/7/12); # 54 (9/12/12); # 55 (9/17/12).

[2] The parties disagree whether Iqbal raises the bar for pleading a failure to train theory above the threshold recognized in Amnesty America v. Town of West Hartford. See Amnesty Am., 361 F.3d 113, 130 n.10 (2d Cir. 2004) ("It is unlikely that a plaintiff would have information about the city's training programs . . . at the pleading stage, and therefore need only plead that the city's failure to train caused the constitutional violation.") This Court does not address Amnesty's continuing relevance because plaintiff's allegations state a plausible claim for relief under either standard.

municipality's lack of appropriate response to repeated complaints of such violations." Jackler

v. Byrne, 658 F.3d 225, 236 (2d Cir. 2011).  The City argues that plaintiff cannot show a pattern

or deliberate indifference by pointing to other complaints and settlement agreements since these

papers contain unproven allegations.[3]  Mere allegations have little, if any, probative force and by

themselves would hardly prevent summary judgment.  But in the context of Rule 12, where

plausibility is in issue, it is hard to ignore these cases, which suggest that the conduct complained

of is not limited to the four corners of Osterhoudt's complaint.

The City's comparison to two recent decisions—a non-binding summary order in Simms

v. City of New York and a district court opinion in Garcia v. Bloomberg—do not bolster its

argument.  See ECF # 48, # 50.  Simms affirmed dismissal of plaintiff's Monell claims in a

complaint "contain[ing] little more than boilerplate" where plaintiff did not connect his Monell

theory with the particulars of his own arrest.  See Simms v. City of New York, 2011 WL

4543051, at *3 (E.D.N.Y. Sept. 28, 2011) (Garaufis, J.) aff'd on summary order by 2012 WL

1701356 (2d Cir. May 16, 2012).  In Garcia v. Bloomberg, Occupy Wall Street protestors were

arrested when they marched into the Brooklyn Bridge roadway, blocking traffic.  2012 WL

2045756, at *1 (S.D.N.Y. June 7, 2012) (Rakoff, J.).  Plaintiffs' Monell claim—that the NYPD

did not train or require officers to make individualized assessments at demonstrations—bears no

relation to the circumstances of their own arrests, since "out of the thousands of protestors, the

---

[3] In its September 7, 2012 letter, the City cites a recent decision in a securities fraud suit for support.  See ECF # 53 (citing In re CRM Holdings, Ltd., 2012 U.S. Dist. Lexis 66034, at *77 (S.D.N.Y. May 10, 2012) (Patterson, J.)). The City writes: "[T]he [CRM Holdings] Court noted that 'Second Circuit case law is clear that paragraphs in a complaint that are either based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved, are, as a matter of law, immaterial within the meaning of Fed. R. Civ. P. 12(f).'" Id.  The City neglects to point out that the Second Circuit case on which CRM Holdings and the City's other cases rely explicitly limits its holding to "the facts of [that] case," a stockholder rescission suit.  Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976) ("Although it appears to us that the opinion of the SEC may well be relevant to the question of whether [defendant] used its best efforts [to register stocks], we hold that neither a complaint nor references to a complaint which results in a consent judgment may properly be cited in the pleadings under the facts of this case.").  The main cases that defendant cites in its September 7 letter apply Lipsky to breach or fraud cases; they are inapposite to Osterhoudt's Monell claims against the City.

police officers arrested only the [protestors] who proceeded onto the Brooklyn Bridge's vehicular roadway," breaking traffic laws. Id. at *10.  In contrast, Osterhoudt alleges that the NYPD's failure to train officers how to determine individual probable cause, instead of sweeping up arrestees en masse, is the same training failure that led to his own unlawful arrest.  While plaintiff's citations to pending lawsuits and settlement agreements will "not suffice to overcome summary judgment . . . they do permit a plausible inference" of deliberate indifference.  Ferrari v. County of Suffolk, 790 F. Supp. 2d 34, 46 (E.D.N.Y. 2011) (Seybert, J.) (denying motion to dismiss Monell claim).  See also Colon v. City of New York, 2009 WL 4263362, at *2 (E.D.N.Y. Nov. 25, 2009) (Weinstein, J.) (denying motion to dismiss where plaintiff's allegation that officers manufactured drug evidence plus court's "knowledge of cases in other federal and state courts" stated plausible Monell claim).

Should such a de facto policy or practice of mass arrests exist, it will not likely be shown by direct evidence.  Aggrieved parties confront pleading standards that threaten their ability to press their claims beyond mere accusation.  Sensitive to this formidable hurdle, I too conclude that plaintiff has "nudged [his] claims across the line from conceivable to plausible." Id. (quoting Bell Atl. Corp. v. Twombley, 550 U.S. 544, 570 (2007)).

For the reasons stated above, the City's motion is denied.  The parties are directed to engage in tiered discovery on plaintiff's Monell claims, under the Magistrate Judge's oversight.

SO ORDERED.

Dated: Brooklyn, New York
       September 27, 2012

                                        s/Raymond J. Dearie

                                  RAYMOND J. DEARIE
                                  United States District Judge